BARNABY O'LEARY, Individually and as Chairman of the 9th Assembly District Club of the American Labor Party of the County of New York, and Others, Plaintiffs, *v.* ALEX ROSE, Individually and as Secretary of the State Committee of the American Labor Party, and Others, Defendants.

Supreme Court, Special Term, New York County, April 1, 1940.

*Nathan Dambroff*, for the plaintiffs.

*Eli Krieger* [*Samuel Null* and *Eli Krigh* of counsel], for the defendants.

PECORA, J.   Plaintiffs, on behalf of the 9th, 10th, 11th and 12th Assembly District Clubs of the American Labor Party of the County of New York, seek to restrain the State committee and the grievance committee of that body, *pendente lite*, from proceeding to hear and investigate charges of disloyalty to the principles of the party brought before the State committee against plaintiffs.   The ground of the motion is that the State committee's proposed act is without jurisdiction.   A subordinate ground is that the committee is prejudiced.   The first ground is the only one that need be seriously considered.

 The American Labor Party is a statewide regular party, and so recognized by reason of having qualified for a place on the ballot for State offices at the regular election therefor.   According to its rules and regulations the State committee is the supreme governing body of the American Labor Party, and the legislative and judicial power of the party is vested in it.   There are county committees also, which have certain autonomy and power to adopt rules and regulations, but these must not be inconsistent with those of the State committee.   In fact, the rules of the county committee, before their pretended amendment made after the bringing of this action, recognized, in express terms, that the State committee was the supreme governing body of the party in the State.   While the county committee was declared to be the supreme governing body in the county, this rule was " subject to the Rules and Regulations adopted by the State Committee."

The latter rules also provide that " no organization shall have the right to use the name ' American Labor Party ' unless it first obtains the consent and approval of the State Executive Committee and submits to its jurisdiction and supervision and its rules and regulations."   It also has the power to " approve, recognize and form, and to make rules and regulations for the conduct and management of local supporting organizations, such as Assembly district and other clubs affiliated with the American Labor Party."

A rule dated December 18, 1939, specifically provides for the revocation of the charter of any affiliated organization for cause, if such affiliation shall be deemed against the best interests of the party.   Provision is made for the service and the hearing of charges before the grievance committee of the State executive committee, with its findings subject to the approval of the latter.   The Assembly

district organizations have been concededly chartered by the State committee. The charter provides that the chartered organization shall abide by the constitution, by-laws and rules of the State committee. The latter, or its representative, the State executive committee, has power to make rules and regulations for the conduct and management of local organizations such as Assembly district and other clubs. The scope and breadth of such rules need not be considered, but it undoubtedly implies the right to require loyalty to the principles of the party, and the right to investigate charges of disloyalty.

True, the innocent and loyal member of the local organization should not be penalized. Where, however, the local organization is honeycombed with disloyalty, it is not undemocratic to deal with it as a whole, and to provide the innocent and loyal minority with a place in a newly-chartered organization. The technique applicable to trade unions and their subordinate locals, or to fraternal orders and their subordinate lodges, is, in large part, appropriate here. The body which grants charters has the right, for good cause and subject, in certain cases, to legal review, to revoke the charter. The fact that innocent members may be temporarily inconvenienced is no bar to such disciplinary measures.

If, as is charged, some of the local district organizations have turned communistic as to the majority or a very substantial part of their membership, the State executive committee might deem it wise to refuse to permit them to represent themselves as affiliates of the American Labor Party.

An amended set of rules of the county committee is submitted by the plaintiffs to support their contention that there is a lack of jurisdiction. These rules have eliminated the State committee from all supervision of the county committee and local organizations. The county committee is declared to be the supreme authority. The amendment, on the face of it, would seem to be inconsistent with the principles on the basis of which a State party exists. Differences of opinion on matters of detail are bound to exist in all parties and are a sign of healthful growth. But to allow each of the county or district organizations to decide upon its own fundamental principles, instead of abiding by the will of the State-wide representative body, is practically to destroy the party itself by dividing it into fragments, and thus preventing its activity as a unit.

If the trial results in an arbitrary decision, not based upon evidence, plaintiffs may resort to such remedy as they may be advised to adopt. In the present state of affairs their prayer for a temporary injunction is, to say the least, premature. Nor is their complaint as to lack of jurisdiction warranted. Accordingly, the motion for an injunction is denied.